```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

JEFFREY RANK and
NICOLE RANK

    Plaintiff

v.                                      Civil Action No.: 2:04-0997

GREGORY J. JENKINS,
Deputy Assistant to the President of the
United States and Director of the
White House Office of Presidential
Advance; W. RALPH BASHAM, Director
of the United States Secret Service;
TOM HAMM; CHRIS SMITH;
OFFICER TIM M. JOHNSON;
SERGEANT H.E. SHAVER;
OFFICER G. SCOTT FERNATT;
TROOPER JOHN HAMILTON; and
SERGEANT H.P. EPPERHART

    Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is the motion of defendants Gregory J. Jenkins and W. Ralph Basham, filed March 28, 2005, seeking to stay discovery in this action pending resolution of their motion to dismiss filed on February 25, 2005.

I.

This action arises from the arrests of plaintiffs Jeffrey Rank and Nicole Rank at the West Virginia State Capitol

Complex on July 4, 2004, prior to a scheduled address by President — and then Republican Party Presidential candidate — George W. Bush.  According to the allegations of their amended complaint, plaintiffs allege that they validly obtained admission to the event by presenting to the event staff tickets obtained from Nicole Rank's employer, the Federal Emergency Management Agency.  Subsequent to their admission, the plaintiffs revealed T-Shirts bearing symbols critical of President Bush and supportive of then Democratic Party Presidential candidate Senator John F. Kerry.  Upon viewing the T-shirts, two of the individual defendants, allegedly members of the event staff, revoked plaintiffs' admission and their arrests soon followed.  Plaintiffs contend that the actions of the defendants violated their First Amendments rights.[1]  Pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), plaintiffs

---

[1] Plaintiffs identify Jenkins as the Director of the White House Office of Presidential Advance and Bashman as the Director of the United States Secret Service and assert that Jenkins and Basham are sued in their individual capacities.  Am. Compl. at ¶¶ 5-6.  They state that the offices directed by Jenkins and Basham are responsible for the "structure of activities" at visits involving President Bush in his official capacity and that those offices coordinated the July 4, 2004, event.  <u>Id.</u> at ¶¶ 14 & 16.  Plaintiffs assert that their admission was revoked and their arrests ordered on the authority of "Event Staff" or "White House Event Staff."  <u>Id.</u> at ¶ 24.  Plaintiffs contend "upon information and belief" that the actions of the remaining defendants were taken because of policies promulgated by Jenkins and Basham.  <u>Id.</u> at ¶ 27.

seek compensatory damages, a declaration that the actions of the defendants were unconstitutional, and prospective injunctive relief prohibiting the defendants from engaging in such actions in the future.

Jenkins[2] and Basham filed a motion to dismiss on February 25, 2002.  Among their contentions in that motion, they assert that the complaint should be dismissed because as governmental officials they are entitled to qualified immunity.

Rather than respond directly to the arguments raised in the motion to dismiss, plaintiffs, on March 14, 2005, the day their response was in fact due, sought a sixty-day extension and requested leave to depose two of the other defendants, Tom Hamm and Sergeant H.P. Epperhart, contending that those depositions are necessary to:

> inquire pointedly about (1) the policies governing President Bush's July 4, 2004, visit to Charleston, West Virginia; (2) how those policies included the authority for White House staff members to revoke the right of a member of the general public to enter the public grounds of the West Virginia Capitol Complex; and (3) who, indeed, established and implemented such a policy.

Pl.'s Mot. Ext. Time at p. 2.

---

[2]According to defendants, Jenkins has left the post of Director of the Office of Presidential Advance.  Mem. Supp. Mot. Dismiss at p. 2, n. 1.

Thereafter, Jenkins and Basham responded to plaintiffs' motion by seeking a stay of discovery.  Defendants contend that they are entitled to an early determination of their qualified immunity defense and that such determination should be made prior to the advent of discovery.  Plaintiffs oppose the stay, contending that the qualified immunity defense should not impede discovery as to knowledge of the facts in possession of the remaining defendants and that the allegations of the complaint overcome any qualified immunity defense.

## II.

The defense of qualified immunity "shields government officials from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  <u>Trulock v. Freeh</u>, 275 F.3d 391, 399 (4th Cir. 2001) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982)).  Under the defense of qualified immunity, government officials performing discretionary functions are immune from liability "unless (i) the officer's conduct violates a federal statutory or constitutional right; (ii) the right was clearly established at the time of the conduct; and (iii) an objectively reasonable officer would have understood that the

conduct violated that right." Trulock, 275 F.3d at 399.

A governmental official may raise the defense in a motion to dismiss. Jenkins v. Medford, 119 F.3d 1156, 1159 (4th Cir. 1997). The defense may be raised at this early stage because it "includes 'an entitlement not to stand trial or face the other burdens of litigation.'" McVey v. Stacy, 157 F.3d 271, 275 (4th Cir. 1998) (quoting Behrens v. Pelletier, 516 U.S. 299 (1996)). Discovery is one of "the burdens of litigation" that the defense seeks to avoid. Jenkins, 119 F.3d at 1159. The Fourth Circuit has held that it is "incumbent on the courts to review the immunity defense critically at an early stage of the proceedings" inasmuch as the failure to conduct "a hard look" "risks unwittingly the forfeiture of some protections afforded by that defense." McVey, 157 F.3d at 275.

Plaintiff advances two contentions in support of permitting discovery. Plaintiffs assert that the rights of Jenkins and Basham to have their immunity defense heard should not impinge upon plaintiffs' rights to prosecute their claims against the remaining defendants. This position is without merit. The discovery that plaintiffs have expressly identified as grounds for their extension of time evidences an intent to seek information bearing directly on the interests of Jenkins and

Basham.  Jenkins and Basham thus have an interest in any such depositions and a reason to participate in those depositions notwithstanding their motion to dismiss.  The defense would be of lesser value to Jenkins and Basham if plaintiffs simply could in part circumvent it by going forward with discovery.  Moreover, all of the defendants, except for Hamm, have asserted immunity defenses in their answers.

Plaintiffs next suggest that the motion to dismiss of Jenkins and Basham is not legitimately based on the defense of qualified immunity.  Plaintiffs briefly argue that the motion to dismiss does not dispute the legal sufficiency of plaintiffs' First Amendment claims[3] but, rather, concerns only the sufficiency of plaintiffs' factual allegations establishing the participation of Jenkins and Basham in the alleged violations of those rights.  Because the motion to dismiss fails, plaintiffs say, to challenge the legal sufficiency of the First Amendment claims and inasmuch as the amended complaint is said by plaintiffs to sufficiently establish the alleged participation of

---

[3]By that plaintiffs appear to mean that the motion to dismiss does not challenge the requirements that a complaint against a governmental official for a constitutional violation allege conduct consisting of a violation of a constitutional right and that such right was clearly established at the time of the conduct.

Jenkins and Basham in those violations, plaintiffs contend that the motion to dismiss does not form a basis for a stay.

However, in footnote 2 of their response, plaintiffs clearly state that "[t]his memorandum is not a reply to Motion to Dismiss by the federal defendants." Pl.'s Resp. at p. 5, n. 2. Inasmuch as the court is required at this stage to give a "hard look" at the defense and inasmuch further as footnote 2 strongly suggests that the plaintiffs have not fully addressed the viability of the defense, the court finds that the better course is to allow the stay and require the parties to fully brief the motion to dismiss.

### III.

For the reasons set forth, it is accordingly ORDERED that:

1. The defendants' motion for stay be, and it hereby is, granted and all proceedings in this action other than briefing with respect to the motion to dismiss shall be stayed pending resolution of the motion to dismiss.

2. The plaintiffs' motion, to the extent it seeks an extension to respond to the motion to dismiss, be, and it hereby

7

is, granted as modified and is otherwise denied;

      3.  The plaintiffs shall file a response to defendants' motion to dismiss on or prior to May 31, 2005, with reply by the defendants to be filed on or prior to June 9, 2005.

      The Clerk is directed to forward copies of this written opinion to all counsel of record.

      DATED: April 28, 2005

      _____
      John T. Copenhaver, Jr.
      United States District Judge